State v. Whitfield

STATE OF NORTH CAROLINA v. LEO WHITFIELD, JR. AND JAMES EARL McKOY

No. 8013SC977

(Filed 17 March 1981)

Narcotics § 4– manufacture of marijuana– sufficiency of evidence

In a prosecution of defendants for feloniously manufacturing marijuana, evidence was sufficient to be submitted to the jury where it tended to show that both defendants made extra-judicial admissions implicating themselves in the intentional harvesting and cutting of marijuana; there was plenary evidence of the manufacture of marijuana by someone; excluding defendants' admissions, there was still evidence that defendants, farm laborers in a rural area, were seen by various law enforcement officers operating and riding upon a tractor discing a field in which plants subsequently identified as marijuana were growing and had been cut; and marijuana was being stored in three barns in close proximity to the areas where defendants were tilling the soil.

APPEAL by defendants from *McLelland, Judge.* Judgment entered 3 June 1980 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 12 February 1981.

The defendants, Leo Whitfield, Jr. and James Earl McKoy were indicted in separate bills of indictment for feloniously manufacturing a controlled substance, to wit: marijuana. Their cases were consolidated for trial, and both defendants were convicted of feloniously manufacturing marijuana. From iden-

tical prison sentences, each defendant appealed. The defendants raised the same issue on appeal: whether the court erred in denying each defendant's motion for nonsuit made at the close of the State's evidence and at the close of all the evidence. Evidence introduced on behalf of the State may be summarized as follows:

On 5 November 1979 the defendants were arrested after they were observed on a tractor discing a field on the Old Elkins Farm leased by Pou Elkins. Defendant Whitfield had a shotgun with him in the cab of the tractor at this time. A Columbus County Deputy Sheriff and a North Carolina SBI Agent had observed marijuana plants growing in the field and stored in nearby tobacco barns during their three-day stakeout immediately preceding the arrests. On the day defendants were arrested, SBI Agent Bryan Deans took various samples of green vegetable materials from the field defendants had been discing and from barns adjacent to the field. (At trial, these samples were stipulated to be marijuana.) Over 4,000 pounds of marijuana were found in three tobacco barns on the farm. Defendant Whitfield, after being advised of his rights, told SBI Agents Neil Godfrey and Tim Batchelor that he worked for Pou Elkins and had been promised $25,000 for helping to plant, harvest and store the marijuana. Defendant McKoy told Agent Godfrey that he did not plant the marijuana but that he did agree to help harvest it. McKoy also told Agent Godfrey that he discussed splitting the $250,000 value of the field three ways; that three weeks before his arrest he and two other persons harvested the corn and marijuana (picking the marijuana, then combining the rows just picked); and that after hauling the marijuana from the fields in tobacco trailers, he put the marijuana in three barns and nailed the doors shut.

After each defendant's motion for nonsuit was denied at the close of the State's case, defendant McKoy testified that he harvested corn, not marijuana, from the field; that he did not put any marijuana in the tobacco barns or nail the doors shut; that he did not know what marijuana looked like before his arrest; that he was paid $2.90 an hour and had never been promised $25,000; and that he never agreed to testify against Elkins. Defendant Whitfield testified that he had a shotgun with him because he was going hunting; that he did not know

marijuana was in the field; and that he lied when he said Mr. Elkins promised him $25,000 for harvesting the marijuana.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*D.F. McGougan, Jr., for defendant appellants.*

BECTON, Judge.

By offering evidence, the defendants waived their motions for dismissal made at the close of the State's evidence, and thus presented for review on appeal only their motions challenging the sufficiency of the evidence which they made at the close of all the evidence. *State v. Stewart,* 292 N.C. 219, 232 S.E. 2d 443 (1977); *State v. Mendez,* 42 N.C. App. 141, 256 S.E. 2d 405 (1979). In considering their motions, the trial court's sole function was to determine "whether a reasonable inference of the defend-ant[s'] guilt of the crime[s] charged [could] be drawn from the evidence," *State v. Smith,* 40 N.C. App. 72, 78-79, 252 S.E. 2d 535, 540 (1978), because "if more than a scintilla of evidence is pre-sented to support the indictment[s], the case[s] must be submit-ted to the jury." *State v. Agnew,* 294 N.C. 382, 387, 241 S.E. 2d 684, 688 (1978).

Both defendants made extra-judicial admissions implicat-ing themselves in the intentional harvesting and cutting of marijuana. While a conviction cannot be sustained upon a naked extra-judicial confession, "[a] confession will be suffi-cient to carry the case to the jury when the State offers such extrinsic corroborative evidence as will, when taken in connec-tion with the confession, establish that the crime was commit-ted and that the accused was the perpetrator of the crime." *State v. Green,* 295 N.C. 244, 248, 244 S.E. 2d 369, 372 (1978).

In this case, is there proof of the *corpus delicti* — that the crime charged has been committed by someone — when we consider the definition of "manufacture"? As set forth in G.S. 90-87(15), " '[m]anufacture' means the production, preparation, propagation, compounding, conversion, or processing of a con-trolled substance by any means, whether directly or indirectly, artificially or naturally, . . . . " *Id.* There was plenary evidence of the manufacture of marijuana, the *corpus delicti,* by someone (the growing, harvesting, drying, and storage of the contra-

band). Excluding the extrajudicial admissions, there was still evidence that the defendants, farm laborers in a rural area, were seen by various law enforcement officers operating and riding upon a tractor discing a field in which plants subsequently identified as marijuana, were growing and had been cut. Additionally, marijuana was being stored in three barns in close proximity to the areas where the defendants were tilling the soil. "When the State offers evidence of the *corpus delicti* in addition to defendant's extrajudicial confessions, defendant's motion to nonsuit is correctly denied." *State v. Young*, 287 N.C. 377, 391, 214 S.E. 2d 763, 773 (1975).

In this case we find

No error.

Judge VAUGHN and Judge WELLS concur.